Filed 6/27/14  P. v. Morris CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES MORRIS,<br><br>        Defendant and Appellant. | B253301<br><br>(Los Angeles County<br>Super. Ct. No. MA028244) |

        APPEAL from an order of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Dismissed.

        Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant and appellant, James Morris, appeals from the trial court's order denying his motion to reduce a $10,000 restitution fine. However, since Morris was sentenced in 2006, execution of his sentence had begun, the trial court had made no judicial error and had not imposed an unauthorized sentence by ordering the fine, the trial court was without jurisdiction to hear Morris's motion. Accordingly, the ruling is not an appealable order and we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2006, a jury found Morris guilty of one count of first degree murder (Pen. Code, § 187, subd. (a))[1] and three counts of attempted willful, deliberate and premeditated murder (§§ 664, 187, subd. (a)). In addition, it was determined a principal was armed with a firearm during the commission of each of the offenses (§ 12022, subd. (a)(1)).

On September 21, 2006, Morris was sentenced to 25 years to life for the murder conviction, plus one year for the allegation a principal was armed with a firearm, and a consecutive term of life with the possibility of parole, plus one year for the armed enhancement for one of the attempted murders. For the two remaining convictions of attempted murder, the trial court imposed concurrent terms of life with the possibility of parole, plus one year for the armed enhancements. In addition to the time in prison, the trial court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) and a suspended $10,000 parole revocation restitution fine (§ 1202.45). Morris apparently did not object to the imposition of the fines at sentencing.

On appeal, Morris claimed the trial court committed instructional error, he received ineffective assistance of counsel and, when considered cumulatively, the errors were prejudicial. This court rejected Morris's arguments and the judgment was affirmed. (*People v. Morris* (Feb. 21, 2008, B194027, B195547) [nonpub. opn.].) No mention was made of the restitution fine.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On November 25, 2013, Morris, acting in propria persona, filed a motion in the trial court for modification of the restitution fine imposed at sentencing. In essence, Morris argued the fine was improper as he did not have the ability to pay it. That same day, the trial court denied Morris's motion. In its ruling, the trial court stated: "Review of the court file shows petitioner essentially made a similar motion as to his restitution fine on 4/14/09 and it was denied by this court. Petitioner received a life sentence on 9/21/06 on murder and attempted murder charges, and a $10,000 restitution fine was imposed. Due to the seriousness of the charges and length of sentence, this court finds no good cause to modify or strike said fine. These fines are mandatory and cannot be waived absent compelling and extraordinary circumstances. A bare assertion of inability to pay is insufficient."

On December 10, 2013, Morris filed a timely notice of appeal from the trial court's order.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed April 18, 2014, the clerk of this court advised Morris to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW

In *People v. Turrin* (2009) 176 Cal.App.4th 1200, "[d]efendant Adam James Turrin appeal[ed] from an order after judgment, denying his motion to modify restitution fines. Defendant's motion was filed some 10 months after judgment was entered, when he was serving his sentence in state prison." (*Id.* at p. 1203.) His primary argument for modification of the fines was that "there was insufficient evidence . . . he had the ability to pay the fines . . . ." (*Ibid.*) The appellate court concluded the trial court had not had "jurisdiction to entertain the motion and that defendant's appeal must be dismissed." (*Ibid.*)

3

Here, as in *Turrin,* Morris made his motion in the trial court, not a mere 10 months, but 7 years after judgment had been entered and while he was serving his sentence in state prison. " 'Generally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.]' " (*People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1204.) Exceptions occur if the trial court committed "judicial error" or imposed an "unauthorized sentence," neither of which occurred here. (*Id*. at p. 1205.) "Since the trial court lacked jurisdiction to modify the restitution fine[], its order denying [Morris's] motion . . . is not an appealable . . . order. [Citation.]" (*Id.* at p. 1208.)

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The appeal is dismissed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




KITCHING, J.


We concur:


KLEIN, P. J.




CROSKEY, J.


4